IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>BRANDON M. WEBB,<br><br>                  Defendant. | Case No. 22-00259-01-CR-W-BCW |

## GOVERNMENTS' SENTENCING MEMORANDUM

The United States of America, by and through Assistant United States Attorney Gregg R. Coonrod, respectfully provides the Court with the Government's sentencing recommendation Brandon M. Webb, in this matter of 46 months, to be followed by three years supervised release.

### I. Procedural History

**A. Procedural History**

On November 11, 2022, the defendant, Brandon M. Webb, ("defendant") was indicted by the Grand Jury for violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(8), that is, being a felon in possession of a firearm (Doc. 1)

On March 29, 2023, the defendant appeared with counsel before this court and pled guilty to Count One in the indictment a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), that is, being a felon in possession of a firearm. (Doc. 21.) The Court accepted the guilty plea, ordered the completion of a presentence investigation, and returned the defendant to custody pending sentencing. *Id.* There was a plea agreement in this matter. (Doc. 21.) Sentencing is set for September 13, 2023.

B.  **<u>Sentencing Guidelines Calculations</u>**

The final Presentence Investigation Report (hereafter "PSR") calculated the defendant's base offense level as 22, pursuant to USSG §2K2.1(a)(3).  This was based upon possession of semiautomatic firearm that is capable of accepting a large-capacity magazine and prior conviction for attempted aggravated robbery (counted in the PSR as a violent conviction) in Johnson County, Kansas, District Court, Case No. 17CR02036. (PSR ¶ 60.)  A 2-level enhancement was applied for possession of 3-7 firearms pursuant to §2K2.1(b)(1)(A). (PSR ¶ 61.) Finally, a 4-level enhancement was applied for possession of a variety of small number of controlled substances[1]. (PSR ¶ 63.)  The Adjust Offense Level was calculated to be 28. (PSR ¶ 67.)  Subtracting 3 levels for acceptance the Total Offense Level was calculated to be 25.  The Government and the defendant disagree and objected to these calculations.  See Objections by the Government, PSR page 26 and by the defendant PSR page 27 to 33.

The Government calculates the defendant's base offense level as 20, USSG §2K2.1(a)(4)(B) as outlined in the Plea Agreement ¶10b in that the firearm in possession had a large capacity magazine of more than 15 rounds. Prior to the drafting of the plea agreement, the parties concluded that the defendant's prior Kansas conviction for attempted aggravated robbery was not a crime of violence that would trigger a 2-point addition to the base offense level. Both parties objected to the PSR's base offense level. See Objections, PSR page 26-33. The Government relied on *U.S. v. Bong*, 913 F.3d 1252 (10th Cir. 2019) (Kansas aggravated robbery is not a 'violent felony' under ACCA's elements clause or § 924(e)(2)(B)(i)) and *U.S. Minnis*, 872 F.3d 889 (8th

---

[1] PSR ¶ 28: small clear plastic baggie containing 7 ½ pharmaceutical pills (containing traces of methamphetamine, amphetamine, and/or Alprazolam) and a small plastic baggie containing 0.62 gram containing methamphetamine hydrochloride.

2

Cir. 2017) (decision stating same categorical analysis used in determine a crime of violence for ACCA should be used in guideline determinations).

Regarding the 2-level enhancement for numerous firearms, the PSR author relies on photos taken from various Facebook posts. The Government will stand by the possession of a single firearm, the Sig-Sauer serial number 55B074559 and will not put on any further evidence on this issue. See Objections by the Government, PSR page 26.

Regarding the potential 4-level enhancement for another felony, Government's assessment of the numbers of the various narcotics substances recovered during the defendant's arrest is that the quantity of pills/drugs was exceedingly small. So small, the amount does not rise to more than a possession amount so should trigger this enhancement. There is a higher threshold for proving that firearms facilitated the drug offense when the separate felony is a drug-possession offense rather than a drug-trafficking offense, it cannot be just spatial or coincidental. *United States v. Dalton*, 557 F.3d 586, 588-589 (8th Cir. 2009). Based upon this case law, the Government does not believe the evidence reaches the appropriate threshold as it is questionable whether these amounts would warrant felony charges even at the state level. Therefore, the Government will not be putting on this evidence and will not support that enhancement. See Objections by the Government, PSR page 26.

Taking these positions on the enhancements, the Government contends the Adjust Offense Level is 20, the Total Offense Level is 17.

The Government agrees with the Criminal History score of 8 (PSR ¶ 78.), the addition of 2 points pursuant to USSG §4A1.1(d) for committing the instant offense while under a criminal justice sentence for Jackson County Circuit Court, Case No. 1916-CR02343. (PSR ¶ 79.) The total criminal history score is 10, establishing a criminal history category of V. (PSR ¶ 80.)

The final Guideline calculation was a total offense level of 17 and a criminal history category of V, the guideline imprisonment range is 46 months to 57 months. (PSR ¶ 90.)

Under the proposed amendment to §4A1.1(d), the defendant's criminal history score would reduce to 9, resulting in a Criminal History Category of IV. As such, the defendant's Guideline Provisions would be as follows: 37 to 46. If the Defendant agrees not to seek a further reduction if and when the amendment becomes retroactive, the Government would agree to the downward variance accounting for the change in the criminal history score and agree that the appropriately calculated guideline range is 37 to 46 months.

**C.     Objections**

All the objections by the parties have been addressed in the previous discussions of the guideline calculations.

**D.     Sentencing Factors Under 18 U.S.C. § 3553(a)**

The Government is seeking a sentence of 46 months based on the enumerated factors in 18 U.S.C. § 3553. This includes the nature and circumstances of the offense, the defendant's history and characteristics, the need to promote respect for the law and to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from the defendant's future crimes. The Government believes that its recommendation is reasonable and is supported by the statutory factors listed below.

1.     Nature and Circumstances of the Offense

The Presentence Investigation Report (hereafter "PSR") suggests the facts of this matter began on January 17, 2022, with a series of events involving the Southdale Blood Gang in Kansas City, Kansas, including aggravated robberies (PSR ¶¶ 3-10.), and a kidnapping, robbery, and battery. (PSR ¶¶ 11-22, 30-42, 48-54.). The Wyandotte County charge associated with the

kidnapping, robbery and battery were dismissed due to insufficient evidence. (PSR ¶¶ 55.) It should be noted for the Court that Government charged only the felon in possession, agrees to <u>only</u> to the facts presented in the PSR related to that charge which surround the Defendant's arrest on March 24, 2022 (PSR ¶¶ 23-29, & 47.), and will not be presenting any evidence regarding the dismissed Wyandotte County charges. Further, the Government does not intend to present the photos from various Facebook Accounts (PSR ¶¶ 44-46.) and stands by the plea agreement for the defendant's possession of a single firearm.

  2. <u>History and Characteristics of the Defendant</u>

The defendant's criminal history is lengthy, to include attempted aggravated robbery, aggravated escape, and drug possession. While the dismissed Wyandotte County charge does not contribute to the defendant's criminal history calculation, it can be considered by the court in assessing a sentence at the upper end of the recommended guideline range. Therefore, a sentence of 46 months would be appropriate.

  3. <u>Seriousness of the Offense/Promote Respect for the Law/Just Punishment</u>

A violation of 18 U.S.C. §§ 922(j) and 924(a)(2) is a serious offense. The Government believes a sentence of 46 months will reflect the seriousness of this offense, will serve the purposes of promoting respect for the law, and will provide just punishment.

  4. <u>Deterrence and Protection of the Public</u>

It is the Government's belief that, based on the defendant's overall history and characteristics, that a 46-month sentence will certainly protect the public from the defendant. In addition, it will also have an adequate deterrence effect in that it will deter others from committing similar crimes.

5. <u>Effectively Provide Defendant with an Opportunity to Rehabilitate</u>

A sentence of 46 months will provide this defendant an opportunity to rehabilitate himself. The services and potential drug treatment that he will receive while incarcerated and on supervised release will present, yet again, another opportunity for the defendant to take advantage of opportunities to turn his life around. A sentence of 46 months, followed by the maximum term of supervised release of three years, will allow the defendant to receive treatment and be supervised by United States Probation once his sentence has been completed. Based on the defendant's criminal history and previous failures, while on probation/supervised release, a new combination of incarceration and supervision is appropriate.

**E.     The Government's Specific Sentencing Recommendation**

Based on all of the above factors, the Government would recommend a sentence of 46 months, followed by three years of supervised release.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By:     */s/ Gregg R. Coonrod*

Gregg R. Coonrod
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing was delivered on September 6, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                      */s/ Gregg R. Coonrod*
                                      Gregg R. Coonrod
                                      Assistant United States Attorney